**G–I HOLDINGS, INC., Plaintiff,**

v.

**BARON & BUDD; Frederick Baron; Russell Budd; Ness, Motley, Loadholt, Richardson & Poole; Ronald Motley; Joseph Rice; Weitz & Luxenberg; Perry Weitz and Robert Gordon, Defendants.**

No. 01 Civ. 0216 (RWS).

United States District Court, S.D. New York.

Feb. 27, 2003.

Friedman, Wang & Bleiberg, by Peter N. Wang, of counsel, Cahill Gordon & Reindel, by Thomas J. Kavaler, of cousel, New York City, for Plaintiff.

Solomon, Zauderer, Ellenhorn, Frischer & Sharp, by Mark C. Zauderer, Jonathan D. Lupkin, of counsel, New York City, Manatt, Phelps & Phillips, by Abbe David Lowell, Stephen L. Neal, Jr., of counsel, Washington, DC, for Defendants.

*OPINION*

SWEET, Senior District Judge.

Defendants Baron & Budd, P.C. ("Baron & Budd"), Frederick Baron ("Baron") and Russell Budd ("Budd") (collectively the "Baron & Budd defendants") have moved for the second time pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 to dismiss Counts V, VI and XII of the Fourth Amended Complaint (the "Complaint") of plaintiff G–I Holdings ("Holdings"). Holdings has moved in opposition for the second time pursuant to Fed.R.Civ.P. 56(f) for a continuance to allow for further discovery.

At the time of the Baron & Budd motion, Holdings had already filed a motion to compel discovery in order to be able to prepare for an expected summary judgment motion. As a result, because Holdings' motion to compel is now granted in part and denied in part, thus extending the limited discovery period provided to Holdings by the prior order granting their Rule 56(f) motion, the summary judgment motion is now denied as

premature, having been filed prior to close of discovery.

*Facts*

The parties and facts discussed herein are discussed in greater detail in *G–I Holdings v. Baron & Budd,* 2002 WL 31251702 (Oct. 8, 2002); *G–I Holdings v. Baron & Budd,* 238 F.Supp.2d 521 (S.D.N.Y.2002); and *G–I Holdings v. Baron & Budd,* 179 F.Supp.2d 233 (S.D.N.Y.2001), familiarity with which is presumed.

*Prior Proceedings*

On August 13, 2002, the Baron & Budd defendants filed their first motion for summary judgment against these same counts. An opinion issued on October 8, 2002, denying that motion and granting Holdings leave to take limited discovery, with a cutoff date of December 13, 2002. *G–I Holdings,* 2002 WL 31251702, at *6. The Court limited discovery to the cohort of 190 cases that Holdings had identified in its Complaint and ordered that Holdings should have the opportunity to depose two affiants on whom the summary judgment motion relied, Lance Pool and Melanie Oliver. *Id.* The Court also ordered that the Baron & Budd defendants should have the opportunity to depose the "Source 1" (later identified as former Baron & Budd paralegal Jesse Zavala ("Zavala")), on whose whistle-blowing Holdings has relied in bringing the counts at issue. *Id.* The opinion also permitted Baron & Budd to refile their motion for summary judgment at the close of that discovery period.

Since the issuance of the opinion, the Oliver, Pool and Zavala depositions have been taken, and Baron & Budd has produced more than 70,000 pages of materials to Holdings.

On November 18, 2002, Holdings moved to compel certain discovery, the bulk of which remains undiscovered and forms the basis of the Rule 56(f) affidavit submitted in opposition to the instant summary judgment motion. The motion was set to be heard on December 11, 2002. On that date, Holdings submitted an additional letter, seeking primarily the same discovery outlined in previous submissions and, in addition, attempting to obtain discovery regarding the "Baron &

Budd Memorandum," which was the subject of claims that were dismissed in prior opinions.

Because counsel for the Baron & Budd defendants feared they could not attend the December 11, 2002 hearing due to potentially inclement weather, a teleconference was held instead—a mistake that will never be repeated in this case. The teleconference did not result in a resolution of the discovery; instead, after strenuous dissent by the Baron & Budd defendants, they were permitted to submit additional papers on the topic. The Baron & Budd defendants replied by letter dated December 23, 2002, in a document that previewed the summary judgment motion filed just three days later. Since that time, at least five additional submissions have been received, the latest on the evening of January 29, 2002, after oral argument was held on the summary judgment motion. The motion to compel was considered fully submitted at that time.

Three days after submitting its responses to Holdings' pending discovery request (one and one-half days of which were federal holidays), on December 26, 2002, the Baron & Budd defendants filed the instant summary judgment motion. At the time of filing, the Court had not yet ruled on the discovery motion, which was not yet fully submitted.

Holdings submitted opposition papers to the summary judgment motion on January 23, 2003, and the Baron & Budd defendants replied on January 28, 2003. Oral argument was held on the summary judgment motion on January 29, 2003, at which time it was considered fully submitted.

*Discussion*

In both pending motions, Holdings has argued that discovery necessary to respond to the summary judgment motion remains incomplete and has asked for the following discovery:

- All documents concerning Baron & Budd's employment of Oliver, Pool, Zavala and Angela Reznicek;
- All documents obtained from any source other than the internal files of Baron & Budd that were reviewed or referred to by Baron & Budd for purposes of investi-

gating the allegations contained in paragraphs 81–91 of the Complaint and the cohort of cases;

- All documents concerning or evidencing any communication between Oliver or Pool and any shareholder, attorney, or employee of Baron & Budd concerning this action and the allegations in paragraphs 81–91 of the Complaint;
- All documents concerning any settlement agreement between Baron & Budd and the Center for Claims Resolution;
- All documents concerning Baron & Budd's document retention and destruction policy;
- All documents relied upon by Oliver and Pool in making each statement asserted in the affidavits relied upon by Baron & Budd in their prior motion for summary judgment;
- An identification of any individuals with information concerning Baron & Budd's employment of Oliver, Pool, Zavala and Reznicek;
- An identification of any individual whom the Baron & Budd Defendants contacted to investigate their response to paragraph 81–91 to the Complaint and that counts at issue;
- A complete identification of all individuals with knowledge of any settlement agreements or arrangements between GAF and CCR or any of its members and Baron & Budd;
- An identification of any individual with information concerning Baron & Budd's document retention and destruction policy and the specific incident of document destruction referred to in the Hillis Affidavit of October 25, 2002; and
- The depositions of Richard Bargon; George Jacobi; Russell Budd, Esq.; Peter Kraus; Andrew Gentin; Angela Reznicek; and Daniel Myer.

The motion to compel also sought wide-ranging discovery on issues pertaining to the "Baron & Budd Memorandum."

This motion is granted in part and denied in part. Holdings shall have the opportunity to depose Bargon, Budd, Jacobi, Myer and Reznicek. In addition, the Baron & Budd defendants shall produce the following documents at a time and place that is reasonable:

- All documents concerning or evidencing any communication between Oliver or Pool and any shareholder, attorney, or employee of Baron & Budd concerning the allegations in paragraphs 81–91 of the Complaint.
- All employee records of Oliver, Reznicek and Zavala that would identify whether they worked on any of the cohort of cases at issue during the relevant time period. Holdings shall obtain the permission of the employees if these records are considered confidential.
- All documents concerning any settlement agreement in the cohort of cases at issue between Baron & Budd and the Center for Claims Resolution.
- All documents relied upon by Oliver and Pool in making each statement asserted in the affidavits relied upon by Baron & Budd in their prior motion for summary judgment, excluding any documents that are identified as attorney work product.
- An identification of all individuals with knowledge of any settlement agreements or arrangements between GAF and CCR or any of its members and Baron & Budd with regard to the cohort of cases at issue.
- An identification of any individual with information concerning the specific incident of document destruction referred to in the Hillis Affidavit of October 25, 2002. Any deposition of such person may only focus on the cohort of 190 cases and whether any of the documents that were purportedly destroyed arose from the cohort.

Holdings' request to delve into another can of worms—an appropriate metaphor for a fishing expedition—with regard to the defunct "Baron & Budd Memorandum" claims is denied as not an element of the claims presently alleged. All the other discovery requests not particularly addressed above are denied. The deadline for obtaining the discovery listed above is extended from December 13, 2002 to May 1, 2003, prior to

which time Holdings may again move for an extension of time if additional discovery is found to be necessary.

Because the discovery deadline has accordingly been extended, the defendants' summary judgment motion is premature. The discovery motion had not been determined before the summary judgment motion was filed, three days after the Baron and Budd defendants' discovery submission. The timing coincident with a federal holiday and the back-and-forth barrage of letters has complicated the effort to dispose of these matters in an orderly manner.

Even if the summary judgment motion had not been premature (*i.e.* if Holdings had not filed the motion to compel and to extend the discovery period prior to the close of discovery), it still would have been denied, and Holdings' Rule 56(f) cross-motion granted, because certain discovery remains undone. It is true that the Baron & Budd defendants have presented an even more compelling argument that summary judgment is appropriate because there could be no affidavit fixing than in their first summary judgment motion. They point to the testimony of Oliver and the essential recanting of Source 1/Zavala's original assertions. At the very least, however, Holdings should have had the opportunity to depose Reznicek, a key player in its now-altered theory of affidavit fixing as a result of Zavala's deposition testimony.[1] While it is true that Reznicek has denied any knowledge of such incident to investigators, Holdings should have the opportunity to have her similarly deny knowledge under oath.

In addition, the Baron & Budd defendants should have learned from the last denial of their motion for summary judgment that untested affidavits are not acceptable. *E.g.,*

*Rosen v. Trans World Airlines, Inc.,* 1997 WL 107640, at *2 (S.D.N.Y. March 11, 1997) ("The motion of Port Authority is denied because plaintiff has not yet been given the opportunity to depose the Port Authority employee on the basis of whose affidavit summary judgment is sought."); *Messina v. Mazzeo,* 854 F.Supp. 116, 141 (E.D.N.Y.1994) (denying defendants' motion for summary judgment where plaintiff had not had the opportunity to depose, among others, affiant doctor and a deposition might raise material issues of fact). *Cf. Connecticut Indemnity Co. v. 21st Century Transport Co.,* 186 F.Supp.2d 264 (E.D.N.Y.2002) (denying plaintiff's argument that as a matter of law defendant cannot succeed on motion for summary judgment where plaintiff has not had the opportunity to depose affiants on whose affidavits summary judgment motion was based because plaintiff had opportunity to depose affiants and did not). Therefore, Holdings should also have had the opportunity to depose the CCR representatives on whose affidavits the Baron & Budd defendants rely: Dan Myer, Richard Bargon, and George Jacobi.

At oral argument, Holdings raised one additional issue that should be addressed. Counsel represented to the Court that all discovery had been stayed pursuant to an order made in open court on April 17, 2002. The transcript from that hearing reveals that the order was to stay discovery until the motion to dismiss the Fourth Amended Complaint had been decided. Because the motion to dismiss against the Fourth Amended Complaint that was the subject of the April 17, 2002 hearing has been decided, and because the amended Count XIII has been sustained in part against a motion to dismiss, the stay is lifted.[2]

---

**1.** Zavala has recounted his earlier story (as it was told by a Kroll investigator) that he himself had fixed a number of affidavits and testified that Reznicek told him to practice the signature of one client. (Zavala Dep. at 28.) In addition, he attested that Reznicek took a stack of affidavits that were missing information and, when she returned a short time later, carried a stack of documents where the necessary information had been inserted. (*Id.* at 75.) It is true, as the Baron & Budd defendants point out, that Zavala was not sure whether the affidavits Reznicek returned with were the same. (*Id.* at 152–54,

171–72.) Certainly in the absence of any testimony from Reznicek, this lack of knowledge merely presents an issue of material fact.

**2.** It was later represented to the Court that the parties have in fact begun to engage in discovery and thus recognize that the stay was implicitly lifted with the issuance of the Court's January 31, 2003 opinion granting in part and denying in part a Rule 12(b)(6) motion as against Count XIII. This order explicitly so rules. It is hoped that experienced counsel will agree on an appro-

Because the parties are now in the midst of continuing discovery, it would be appropriate to deal with a consolidated summary judgment motion from all the defendants on all potential issues (including the one dealt with in the instant summary judgment motion) at the close of discovery. However, even the litigation in this case has not persuaded the Court to alter its practice of not requiring permission to make motions that the parties consider appropriate.

### Conclusion

In light of the foregoing, Holdings' motion to compel is granted in part and denied in part, and the deadline for discovery is extended to May 1, 2003, on the summary judgment issues. As a result, the Baron & Budd defendant's summary judgment motion is denied, with leave to renew at such time as the limited discovery provided for above is completed or at such time as all the defendants move in summary judgment against the Complaint after the close of the entire discovery period.

It is so ordered.

priate schedule or at the least on the issues

which must be resolved by the Court.